IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT CRUZ,

      Plaintiff,                        No. CIV S-05-2221 DFL PAN P

      vs.

MR. SCHWARZENEGGER,

      Defendant.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has not completed his in forma pauperis application, nor has he filed a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint.  See 28 U.S.C. § 1915(a)(2).  Good cause appearing, plaintiff will be given an opportunity to file a complete in forma pauperis application together with a certified copy of his prison trust account statement.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

2  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

3  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

4  U.S.C. § 1915A(b)(1),(2).

5       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

6  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

7  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

8  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

9  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

10 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

11 Cir. 1989); Franklin, 745 F.2d at 1227.

12      A complaint, or portion thereof, should only be dismissed for failure to state a

13 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

14 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

15 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

16 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

17 complaint under this standard, the court must accept as true the allegations of the complaint in

18 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

19 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

20 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

21      The court finds the allegations in plaintiff's complaint so vague and conclusory

22 that it is unable to determine whether the current action is frivolous or fails to state a claim for

23 relief.  The court has determined that the complaint does not contain a short and plain statement

24 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

25 policy, a complaint must give fair notice and state the elements of the claim plainly and

26 succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is informed that challenges to the fact of a criminal conviction or the length of a prison sentence must be raised by petition for writ of habeas corpus. See, e.g., Preiser v. Rodriguez, 411 U.S. 475 (1975). Although plaintiff's claims are vague, it appears they may implicate the validity of his prison sentence. If that is true, the claims should be raised, if at all, in a petition for writ of habeas corpus and not in a § 1983 civil rights complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's November 3, 2005 motion for leave to proceed in forma pauperis is denied without prejudice.

2. The Clerk of the Court is directed to send plaintiff the court's form application to proceed in forma pauperis by a prisoner.

3. Plaintiff is granted thirty days from the date of this order to file a complete in forma pauperis application.

4. Plaintiff's complaint is dismissed.

5. Plaintiff is granted thirty days from the date of service of this order to file, as appropriate, either an amended civil rights complaint or a habeas corpus petition; in either event, the pleading must bear the docket number assigned this case; plaintiff must file an original and two copies of the amended pleading; failure to file an amended pleading in accordance with this order will result in a recommendation that this action be dismissed.

6. The Clerk of the Court is directed to send plaintiff a form civil rights complaint, a form habeas corpus petition, and accompanying instructions for both.

DATED: February 17, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12
cruz2221.14